UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT M. SEESE, | ) |
| | ) |
| Petitioner, | )   CASE NO. C06-1450-JLR-JPD |
| | ) |
| v. | ) |
| | ) |
| BELINDA STEWART, | )   REPORT AND RECOMMENDATION |
| | ) |
| Respondent. | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks relief under 28 U.S.C. § 2254 from his 2001 conviction in King County Superior Court. Respondent has filed an answer to petitioner's petition in which she argues that the petition is untimely under 28 U.S.C. § 2244(d) and should therefore be dismissed. The Court, having reviewed petitioner's petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

On August 17, 2001, petitioner entered a guilty plea in King County Superior Court to one count of delivery of cocaine. (Dkt. No. 12, Ex. 1 at 1.) On the same date, petitioner was

REPORT AND RECOMMENDATION
PAGE - 1

sentenced under the Drug Offender Sentencing Alternative to 39 months of confinement and 39 months of community custody. (*See id.*, Ex. 1 at 4.) Petitioner entered into the custody of the Washington Department of Corrections to begin serving his sentence on August 24, 2001, and he was released from custody in the fall of 2003. (*See id.*, Ex. 2 at 1-2.) While on community custody, it appears that petitioner committed multiple violations which caused him to be readmitted to the Department of Corrections in April 2005. (*See id.*) Petitioner's earned early release date is April 9, 2007. (*Id.*, Ex. 2 at 2.)

Petitioner did not appeal his conviction or sentence. Petitioner did, however, file a series of post-conviction challenges to his sentence in the state courts. Petitioner apparently initiated his first post-conviction proceeding on June 5, 2002, by filing a pro se motion in the King County Superior Court. (*Id.*, Ex. 3.) Petitioner subsequently retained counsel who filed a motion to correct petitioner's sentence in the King County Superior Court. (*Id.*, Ex. 4.) That motion was transferred to the Court of Appeals for consideration as a personal restraint petition ("PRP"). (*See id.*) On November 8, 2004, the Court of Appeals dismissed the PRP. (*Id.*, Ex. 5.) It does not appear that petitioner sought discretionary review by the Washington Supreme Court with respect to his first PRP.

Petitioner filed his second PRP in the Washington Court of Appeals on August 27, 2004. (*Id.*, Ex. 6.) On October 4, 2004, the Court of Appeals dismissed petitioner's second PRP. (*Id.*, Ex. 7.) It does not appear that petitioner sought discretionary review by the Washington Supreme Court with respect to his second PRP either.

In January 2006, petitioner filed a motion to modify his judgment and sentence in the King County Superior Court.[1] (*Id.*, Ex. 8.) On January 31, 2006, the Court of Appeals transferred petitioner's motion to the Court of Appeals for consideration. (*See id.*) The motion was filed by the Court of Appeals on February 17, 2006, and was dismissed on March 17, 2006. (Dkt. No. 12,

---

[1] It is not clear from the record when the motion was received by the Superior Court. However, petitioner signed the motion on January 19, 2006.

REPORT AND RECOMMENDATION
PAGE - 2

1 Exs. 8 and 9.) Petitioner thereafter filed a motion for discretionary review in the Washington

2 Supreme Court. (*Id*., Ex. 10.) The Supreme Court Commissioner denied petitioner's petition for

3 review. (*Id*., Ex. 11.) Petitioner filed a motion to modify the Commissioner's ruling, but that

4 motion was denied as well on July 7, 2006. (*Id*., Exs. 12 and 13.)

5       Petitioner now seeks federal habeas review of the sentence imposed pursuant to his 2001

6 King County Superior Court conviction. (*See* Dkt. No. 1.) Petitioner signed his federal habeas

7 petition on October 3, 2006, and the petition was received by the Court for filing on October 5,

8 2006. (*Id*.)

9 <center>DISCUSSION</center>

10       On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

11 Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which

12 worked substantial changes in the law of federal post-conviction relief. One of those changes was

13 to adopt a one year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1) (1996).

14 The one year limitations period starts to run from the date of the conclusion of direct review or

15 "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. §

16 2244(d)(1)(A).

17       In this case the period for direct review ended, at the latest, upon the expiration of the

18 period for filing a direct appeal. Petitioner's judgment was filed in the King County Superior

19 Court on August 20, 2001. Petitioner had 30 days after the entry of the judgment, or until

20 September 19, 2001, to file a direct appeal. *See* Rule 5.2, Washington Rules of Appellate

21 Procedure. Because petitioner did not file a direct appeal, his conviction became final on or about

22 September 19, 2001. 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations

23 began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

24       The one year limitations period is tolled for any "properly filed" collateral state challenge

25 to the state conviction. 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations was tolled from

26 June 20, 2002, the date petitioner filed his first post-conviction challenge in the King County

REPORT AND RECOMMENDATION
PAGE - 3

Superior Court, until December 8, 2004, the date by which petitioner would have to have filed any motion for discretionary review in the Washington Supreme Court. Between September 20, 2001, the date the statute of limitations began to run, and June 20, 2002, 273 days ran on the statute of limitations. The statute of limitations began to run again on December 9, 2004, the day after any motion for discretionary review would have to have been filed in the Supreme Court, and expired 92 days later, on or about March 11, 2005.

Petitioner's second PRP was filed and dismissed while his first PRP was pending in the state courts and, thus, did not act to toll the state of limitations. Petitioner's final state court collateral proceedings likewise did not act to toll the statute of limitations because those proceedings were initiated in the state courts after the statute of limitations had already expired. *See Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

The statute of limitations is also subject to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). However, the Ninth Circuit has made clear that the statute of limitations may be equitably tolled only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The Ninth Circuit has also made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066 (citation omitted). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065. Petitioner makes now showing that he is entitled to equitable tolling of the federal statute of limitations.

As noted above, petitioner did not sign his federal habeas petition until October 3, 2006, over 18 months after the statute of limitations expired on March 11, 2005. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period, his petition is time-barred. This Court therefore recommends that petitioner's federal habeas petition be dismissed,

REPORT AND RECOMMENDATION
PAGE - 4

with prejudice, pursuant to 28 U.S.C. § 2244(d).  A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of March, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge